**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| HOUSTON ALFONSA COOKSEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:03-CV-142 (WLS) |
| | : | |
| OLAKUNLE AINA , MD | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**O R D E R**

Before the Court is an order to show cause (Doc. No. 17) issued by the United States Magistrate Judge Richard L. Hodge, filed February 27, 2006. Said order was issued due to Plaintiff's inactivity, *i.e.,* failure to conduct discovery, and lack of contact with the court for more than one year, except for filing a response to a motion to dismiss.

As pointed out by the Magistrate Judge, Plaintiff filed this action in August, 2003. This Court's review of the docket also disclosed that Plaintiff's motion to proceed *informa pauperis* (Doc. No. 2) was granted by order of the Court on September 22, 2003. (Doc. No. 6) In that order, Plaintiff was advised in pertinent part as follows:

**DUTY TO PROSECUTE**

Plaintiff is advised that he must diligently prosecute his complaint or face the

1

> possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiff was further advised in pertinent part:

### **DISCOVERY**

> Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom the discovery is sought by Plaintiff ... Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one anther as provided in the FEDERAL RULES OF CIVIL PROCEDURE ...
>
> IT IS HEREBY ORDERED that discovery... shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant(s) <u>unless an extension is otherwise granted by the court upon a showing of good cause therefore</u> or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion ... (emphasis added).

Plaintiff was clearly on notice of his duty to prosecute his complaint and to promptly proceed with discovery at the designated time(s).

The docket shows that Defendant's answer (Doc. No. 7) was filed on November 28, 2003. Therefore, the 90-day discovery period commenced on that date and expired on or about February 23, 2004. Plaintiff neither conducted any discovery during that period, nor moved the court for an extension or continuance.

Secondarily, Defendant filed a motion to dismiss (Doc. No. 11) on June 9, 2004. Assuming that date as the beginning of a discovery period, discovery would have ended on or about September 7, 2004. Although Plaintiff filed a response (Doc. No. 13) to the motion to dismiss pursuant to the order of the Court (Doc. No. 12), he neither conducted discovery, nor moved the Court for an extension or continuance of the discovery period. The docket

discloses no activity by Plaintiff or contact with the Court until after the Court issued the instant show cause order (Doc. No. 17) on February 27, 2006, a period of more than 19 months.[1]

On March 17, 2006, Plaintiff filed the instant motion to continue (Doc. No. 18) and motion for discovery and appointment of counsel.  In his motion, Plaintiff made reference to his having "... been under the supervision of my doctor at the Veteran's Hospital, in Atlanta, Georgia."  Plaintiff denied willful contempt or delay, and further stated: "I have been under the doctors [sic] care, for chronic pain.  I have not only been suffering from physical pain but the pressure of everyday life, of a [sic] unemployable man due to a degenerative disk disorder ..."

Due to the self-serving nature of the Plaintiff's motion and lack of supporting documentation in view of the extremely long period of inactivity, the Court withheld ruling on Plaintiff's motion to continue and directed Plaintiff as follows:

> Before ruling on the same [Plaintiff's motion to continue], the Court will allow Plaintiff until September 22, 2006 to supplement his motion by <u>sworn affidavit(s) from treating physicians, counselors, etc.</u>, who of their personal knowledge may state whether in their professional opinion Plaintiff has been prevented from meaningful active participation as a litigant in his case for the period from February, 2005 to present for reasons of a diagnosed medical or psychological condition."  (emphasis added).

The Court therefore made it clear that Plaintiff's simply having been under treatment or having a medical condition requiring treatment would be insufficient justification for Plaintiff's delay

---

[1]. The Court does note that Plaintiff's filing fee was noted paid on January 30, 2006. It is not clear whether this was simply the date the Clerk noted the payment on the docket or if that was in fact the date the fee was received.  In any case, the fee was due to be paid and, therefore, payment of the fee alone is insufficient as a response to the order to show cause.

and inactivity. The Court is interested in the existence of any diagnosed medical or mental condition which would have excused Plaintiff's inactivity.

A careful review of Plaintiff's supplemental filing (Doc. No. 24) discloses that Plaintiff has failed to produce the affidavit of any professional, *i.e*, treating physician or counselor, etc., who states that in his or her professional opinion Plaintiff has suffered or is suffering from any medical or mental condition that specifically affected his ability to proceed with the prosecution of his complaint.

Plaintiff did, however, provide the Court with his own affidavit along with certain documents attached.[2] The attachments include an unsworn statement of a physician, dated January 4, 2005, wherein it is stated that Plaintiff suffered with a hernia which together with other unspecified medical problems, Plaintiff was "unable to work." Another statement from a Veteran's Administration case manager notes that Plaintiff was in the VAMC-Intensive Outpatient Substance Abuse Rehabilitation program as of October 3, 2005 and completed the program on October 31, 2005." Plaintiff also attaches "progress notes" dated September 11, 2006, relating to treatment for a hernia; October 17, 2005, October 3, 2005, apparently relating to his aforesaid drug abuse treatment, and September 11, 2006,  regarding currently scheduled surgery. Lastly, Plaintiff attached an apparent copy of an excerpt from a state court hearing held on October 2, 2001, where the court observed a wound needing treatment.

Neither supplemental document is in the affidavit form requested by the Court, nor specifically addresses the Court's specific inquiry. Although a liberal review of Plaintiff's

---

[2]. The Court advised Plaintiff in its order that the Court would not accept Plaintiff's representation alone.

submissions suggests a finding that Plaintiff suffered from a hernia and other medical conditions at various times and under went therapy for drug addiction, the same does not support a finding that Plaintiff was incapable in any way to proceed with his case during the entire period in question or at least was incapable of notifying the Court of conditions, etc., or timely requesting a continuance or extension of the discovery period.  There are also substantial gaps in the time periods Plaintiff shows he was receiving treatment.  Plaintiff simply ignored his case until the Court specifically ordered him to act.  However, the Court's initial order made it clear that Plaintiff was responsible for prosecuting his case, and specifically with regard to his responsibilities to conduct discovery.  Plaintiff failed to do so, without adequate excuse or timely request to be accommodated for any condition at any time.  Neither did Plaintiff timely move to extend discovery. Thus, in view of the Court's clear warning, Plaintiff's inactivity and failure to conduct discovery results in a finding of a clear record of delay or willful contempt on the part of Plaintiff.

Additionally, Defendant while not objecting to Plaintiff being granted a short continuance for the purpose of hiring an attorney during this current or recent treatment for a hernia, strongly objects to an extension or reopening of discovery in light of Plaintiff's extreme delay.  The Court having denied the same, notes that to allow such would clearly prejudice Defendant who timely answered Plaintiff's complaint and filed a motion to dismiss.  The Court finds that Plaintiff has failed to adequately show cause why his case should not be dismissed for failure to prosecute.  Accordingly, the captioned action is **DISMISSED with prejudice** for failure to prosecute.  The Court further finds in light of the clear prejudice to Defendant on account of Plaintiff's delay and failure to conduct discovery as found under the

totality of the circumstances, no lesser sanction would suffice.

      SO ORDERED,  this   29th   day of September, 2006.

                                                /s/W. Louis Sands
                                        **W. LOUIS SANDS, JUDGE**
                                        **United States District Court**